| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO <br> Address: 270 S. Tejon Street <br> Colorado Springs, CO 80903 <br> Telephone: (719) 452-5000 | DATE FILED: April 14, 2023 1:21 PM <br> FILING ID: C77830469B285 <br> CASE NUMBER: 2023CV30679 |
| **Plaintiff:** NICOLE RODRIGUES, <br><br> v. <br><br> **Defendant:** American Family Insurance Company. | |
| | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff: <br> Name(s): Jordan McAdams Esq., # 50226 <br> David E. McDivitt, Esq. #38286 <br> Firm: McDivitt Law Firm, PC <br> Address: 19 E. Cimarron Street <br> Colorado Springs, CO 80903 <br> Phone Number: 719-471-3700 <br> Fax Number: 719-471-9782 <br> E-Mail Address: litigation@mcdivittlaw.com | Case Number: <br><br><br> Div: Ctrm: |
| **COMPLAINT** | |

COMES NOW the **Plaintiff**, **Nicole Rodrigues**, (hereinafter **Plaintiff**), by and through her attorney, McDivitt Law Firm, PC for her Complaint against the Defendant hereby states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Nicole Rodrigues is a resident of Washington State with the present address of 11741 40th Avenue, Northeast, Seattle, Washington, 98125.

2. Defendant American Family Insurance Company is, and at all times relevant hereto was, a foreign insurance corporation licensed to do business in the State of Colorado.

3. Defendant's principal place of business is located at 6000 American Parkway, Madison, Wisconsin, 53783.

4. The contract was entered into in Colorado and at the time the contract was entered into, the insured risk resided in the City of Colorado Springs, County of El Paso, and state of Colorado. Therefore, pursuant to Colorado Rules of Civil Procedure ("C.R.C.P.") 98(c)(4), venue is proper in El Paso County.

Exhibit A

5.      Defendant's registered agent is the Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120, United States.

## FACTUAL ALLEGATIONS
### (Underlying Motor Vehicle Accident)

6.      On May 17, 2019, Plaintiff was operating her 2011 Toyota Rav 4 westbound on Garden of the Gods Road.

7.      At the same date and time, the at-fault party Alex Stasiak, was operating a 1994 Jeep Cherokee eastbound on Garden of the Gods Road, attempting to make an unprotected left turn across three lanes of traffic.

8.      For unknown reasons, Mr. Stasiak failed to yield the right of way to Plaintiff, and turned left in front of Plaintiff, causing the front of Plaintiff's vehicle to strike the side of Stasiak's vehicle.

9.      As a direct and proximate result of Mr. Stasiak's negligence, Plaintiff suffered severe bodily injuries.

10.     As a further direct and proximate result of the negligence and carelessness of Mr. Stasiak, Plaintiff has incurred medical bills for healthcare and treatment of her injuries.

11.     As further direct and proximate result of the negligence and carelessness of Mr. Stasiak's negligence, Plaintiff has been caused to suffer, and will continue to suffer, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, loss of the enjoyment of life, inconvenience, impairment and disability.

## FACTUAL ALLEGATIONS
### (Insurance Contract)

12.     Prior to May 17, 2019, Defendant entered into six contracts of automobile insurance with Plaintiff. These policies were in effect as of February 1, 2020.

13.     At all times relevant hereto, Defendant provided this automobile insurance coverage to Plaintiff under Policy Number 41011-81348-73 (hereinafter the "Policy").

14.     The declaration page of the policy lists "Uninsured or Underinsured Motorist – Bodily Injury" in an amount of $100,000 per person and $300,000 per incident.

15.     The terms and conditions of the Policy is incorporated herein as if set forth verbatim.

16.     The policy was sold by Defendant and purchased and fully paid for by Plaintiff.

17.     The Policy contained Uninsured or Underinsured Motorist – Bodily Injury Coverage, which as defined by the policy, covers underinsured motor vehicles. Hereinafter, any

reference to the word "underinsured" references by definition the term "uninsured," and any reference to the word "uninsured" incorporates by reference the term "underinsured."

18. Mr. Stasiak, at all times relevant herein, was an underinsured motorist and driver of an underinsured motor vehicle that caused the injuries to Plaintiff, as fully described beforehand.

19. Plaintiff alleges that she sustained damages as a result of the automobile accident with Mr. Stasiak and is entitled to Underinsured Motorist coverage for the same pursuant to her contracts with Defendant.

20. At all times relevant hereto, Mr. Stasiak had an automobile liability insurance policy with All State, with bodily injury liability limits of $100,000 per person.

21. Mr. Stasiak settled with Plaintiff for the applicable policy limits of $100,000.00 for his responsibility of negligently causing Plaintiff's injuries.

22. Plaintiff's settlement and release of Mr. Stasiak was made pursuant to Plaintiff's policy with Defendant.

## FACTUAL ALLEGATIONS
### (Dealings with American Family)

23. Plaintiff sent a settlement demand, including all medical records and medical bills to American Family on June 17, 2022, demanding that American Family evaluate Plaintiff's claim and made a good faith offer of settlement.

24. On July 14, 2022, American Family sent a letter asking Plaintiff for three years of prior medical records.

25. Plaintiff immediately requested her prior medical records and on August 10, 2022, sent her prior medical records to American Family via email.

26. American Family did confirmed receipt of the prior records and upon information and belief, began to evaluate them on August 19, 2022.

27. On August 23, 2022, American Family requested additional prior records from a chiropractor and an orthopedist.

28. Plaintiff immediately requested the additional prior records and sent them to American Family on September 23, 2022.

29. On September 27, 2022, American Family confirmed that they had all records relevant to their evaluation of Ms. Rodrigues' claim.

30. On October 20, 2022, American Family sent an email stating that they desired for Ms. Rodrigues to consent to a pre-litigation independent medical examination.

31. That same day, Plaintiff agreed to undergoing an independent medical examination and asked American Family to provide the name of the examiner.

32. On October 25, 2022, American Family sent an email stating that they had sent a request to a vendor they use to set up Independent Medical Examinations and that they would reach out shortly to schedule.

33. On November 2, 2022, Plaintiff sent an email again inquiring about scheduling the independent medical examination and advising American Family that Plaintiff no longer resided in Colorado, and instead resided in Washington State. Plaintiff requested that the independent medical examination be performed closer to Ms. Rodrigues home in order to avoid the unnecessary expense and burden of travel.

34. Thirty-four days later, on December 6, 2022, Plaintiff was first contacted by the third-party vendor for purposes of scheduling the independent medical examination.

35. The December 6, 2022, email stated, "we were advised by the adjuster that this IME will need to take place in CO despite the claimant living in WA. (…)"

36. On December 6, 2022, Plaintiff forwarded the vendor email to American Family and again asked if the IME could be scheduled closer to Ms. Rodrigues home.

37. On December 8, 2022, Plaintiff again emailed American Family regarding the IME.

38. On December 13, 2022, American Family responded simply stating, "I'm in receipt of your email messages. I will review them and respond as I am able."

39. On December 29, 2022, Plaintiff again followed up regarding the IME.

40. On January 3, 2022, American Family finally responded stating that the IME would have to take place in Denver, Colorado, and that American Family would pay for reasonable expenses related to Plaintiff's travel, lodging, and meals.

41. On January 6, 2023, the vendor emailed dates for Plaintiff's IME.

42. On January 9, 2023, Plaintiff responded agreeing to Thursday, January 19, 2023, but also confirming that February 22, 2023, would also work as a fall back.

43. That same day, the vendor scheduled the IME for February 22, 2023, to give them time to coordinate the flights and hotel.

44. On January 17, 2023, Plaintiff's counsel emailed American Family and the vendor inquiring about the flight being booked.

45. On February 3, 2023, Plaintiff's counsel emailed American Family and the vendor informing them that they had booked Ms. Rodrigues' flight for the same date and time as her IME.

46. On February 7, 2023, Plaintiff's counsel's paralegal emailed American Family again informing American Family that the vendor had scheduled Ms. Rodrigues' flight for the same date and time that her IME was supposed to be performed.

47. On February 21, 2023, Plaintiff's counsel emailed American Family and the vendor to let them know that Ms. Rodrigues had called counsel's office several times to inform them that her flight kept getting delayed and she was concerned she would miss the IME.

48. On February 22, 2023, Plaintiff underwent the IME with Dr. Alison Fall, in Greenwood Village, Colorado.

49. On March 7, 2023, Plaintiff's counsel emailed American Family inquiring about the status of the IME report and their evaluation of Plaintiff's underinsured motorist claim.

50. On March 8, 2023, American Family provided the IME report to Plaintiff's counsel and stated they were in the process of updating the UIM evaluation.

51. On March 10, 2023, American Family faxed an evaluation stating that they had "considered medical and wage specials through 6/5/20 totaling $31,991. In addition, we considered general damages of $36,00, making the total evaluation $67,991. Ms. Rodrigues recovered $100,000 from the BI carrier, therefore it appears she has been fully compensated."

52. In response to the evaluation, Plaintiff's counsel immediately resent all medical records and medical bills to American Family.

53. On March 30, 2023, American Family confirmed via email that their March 10, 2023, evaluation considered all of Ms. Rodrigues' medical bills and records. American Family stated that a manager was performing a re-review of the evaluation.

54. On March 31, 2023, American Family emailed Plaintiff's counsel stating that they had relied on the IME report to conclude that Ms. Rodrigues had sustained soft tissue injuries and a reasonable recovery timeframe was 3 to 6 months. American Family offered $10,000 to resolve Ms. Rodrigues' claim for UIM benefits.

55. On March 31, 2023, Plaintiff's counsel responded rejecting American Family's offer and asking five questions about the evaluation. At the time of drafting this complaint, American Family has not responded.

### FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim)

56. The Plaintiff incorporates by reference all prior allegations above, as if fully restated herein.

57. Plaintiff and Defendant cannot agree as to the damages which Plaintiff is entitled to recover from her underinsured motorist benefits, under her own insurance contracts with Defendant.

58. Plaintiff suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision, as more fully set forth above.

59. Plaintiff has made a demand for her underinsured motorist benefits, but Defendant has failed or refused to pay Plaintiff's full benefits over the course of nine-months.

60. Plaintiff's underinsured benefits are lawfully past due and owed to Plaintiff.

61. Defendant is legally and contractual required under the Policy to pay compensatory damages to Plaintiff.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

62. The Plaintiff incorporates by reference all prior allegations above, as if fully restated herein.

63. As stated in greater detail above, the Defendant entered into a contract with Plaintiff to pay her for damages which she is legally entitled to collect, as a result of the injuries she sustained after colliding with Mr. Stasiak's Underinsured vehicle.

64. The Plaintiff has performed all conditions precedent under the Policy.

65. The Defendant has failed and refused to make payment in accordance with the express terms of the applicable insurance contracts.

66. The Defendant breached its contractual duty owed to Plaintiff.

67. As a direct and proximate result of the breach by the Defendant, the Plaintiff has suffered economic damages and/or losses.

## THIRD CLAIM FOR RELIEF
### (Violation of *Colorado Revised Statute* § 10-3-1115)

68. At all times relevant herein, Plaintiff alleges that she was a first-party claimant to the Policy entered into with Defendant as she, as noted in detail above, is asserting an entitlement to benefits owed directly to her under the Policy.

69. Plaintiff is owed money from the Defendant as a first-party claimant in relation to the damages she sustained in the May 17, 2019, automobile accident.

70. As more fully detailed above, Defendant has unreasonably delayed and/or denied payment of these benefits, to Plaintiff by:

    A. Failing to fairly and reasonably evaluate Plaintiff's claim;
    B. Undervaluing Plaintiff's damages and losses without a reasonable basis;

    C. Willfully ignoring the Plaintiff's medical diagnosis as a basis to undervalue Plaintiff's claim;
    D. Willfully ignoring Plaintiff's demonstrated need for past medical care;
    E. Willfully ignoring Plaintiff's demonstrated need for future medical care;
    F. Willfully ignoring the permanency of Plaintiff's injuries:
    G. Unreasonably delaying the resolution of Plaintiff's claim by failing to evaluate the evidence over the course of 9 months;
    H. Willfully and/or unreasonably delaying the scheduling of Plaintiff's independent medical examination;
    I. Unreasonably requiring Plaintiff to travel by airplane to an IME that could have been reasonably performed in close proximity to Plaintiff's home;
    J. Unreasonably delaying by failing to communicate about the evidence underlying the claim;
    K. Unreasonably delaying the resolution of Plaintiff's claim without providing a good faith basis,

71. Defendant's actions were and are unreasonable, and have resulted in the denial and/or delay of payment of the Underinsured benefits Plaintiff is entitled to under the policy.

72. Pursuant to *Colorado Revised Statute* ("C.R.S.") §10-3-1116, Plaintiff seeks attorney's fees and costs, as well as two times the awarded damages for Defendant's violation of C.R.S. §10-3-1115.

**WHEREFORE**, Plaintiff requests that judgment be entered against the Defendant for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such other and further relief as the Court deems proper.

Respectfully submitted, this 14th day of April 2023.

                        McDivitt Law Firm, PC

                        */s/ Jordan McAdams*

                        Jordan McAdams Esq., # 50226
                        David E. McDivitt, Esq. #38286
                        Attorneys for the Plaintiff